Thank you. Good morning and may it please the court. Ezequiel Cortez on behalf of Mr. Groppo. I'd like to reserve Judge Christian two minutes for rebut. This case has two unusual elements for federal appeals. The facts are very simple and the law is very focused. So my presentation this morning will begin by dispelling some of the misconceptions in the briefs. And imagine for a second, if you would, that the IRS gives you a bill for income taxes that belongs to your neighbor because you know your neighbor. That's exactly what happened here. Mr. Groppo was strapped by the IRS, who took the plea agreement directly, not extraneous to the case, took the plea agreement in this case and directly looked at Mr. Mokayev's codefendant, the main principal defendant in this conspiracy, determined that $100,000 of income tax was due and imposed that on Mr. Groppo. The question before the court and the question I believe the district court didn't really have sufficient guidance, if I may say it that way, is whether Mr. Groppo presented sufficient facts that his motion for expungement was not simply because he was a nice guy like Insomniac, but whether he had unusual circumstances that are directly related to the underlying criminal case. And we believe... Sir, counsel, I have a lot of trouble getting past Sumner and Crowell. I read those cases as saying the relief you are seeking here is purely on equitable grounds. It is unfair to have these records exist. And I read these cases, for example, the closing line in Sumner. A district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief. That's up to the Congress. And although I know you couch it in terms of unfair and it really prejudices your client, technically you are seeking equitable relief to me because the conviction is not illegal. The arrest record actually exists. So explain to me how under Sumner and Crowell, which interprets Smith, the district court had any ancillary jurisdiction to grant you relief. Thank you. Judge Bennett, I believe the reason why you're struggling with that is the same reason I am struggling with it. And so is the district court. And it's actually right in front of us. Sumner, with all due respect, may have been wrongly decided. Is that me speaking? Absolutely not. You have Crowell and you have Smith. Now if I may answer your direct question, Judge Bennett, at page 796 of Crowell, the court stated once a petitioner has succeeded in getting her conviction vacated, and remember Crowell was arguing that her underlying conviction was unlawful, which is not what we're doing here. And I proceed. A district court may then determine whether the petitioner has asserted circumstances extraordinary and unusual enough that would merit expungement. Okay? There's a language, there's a phrase, and in Smith, Smith also has. Before you get to Smith, so I understand that to mean that there's a threshold, that there's a first step that must be satisfied, and that is verifying that the conviction was unlawful. I would change that statement to either, and that's not enough, and I'll tell you in a minute why that's not enough, either the conviction was unlawful or it's in Smith, it's in Crowell, or there were unusual circumstances. Right? Now that is directly in Smith, and that's why I selected a quote from Smith for our reply brief, because this court in Smith used three things, three concepts, three bases. Unlawful conviction, unlawful search or conduct by the police officers, or unusual circumstances. The problem that we're having in the Ninth Circuit is that there's a tension within the circuit created by Sumner, and the reality is an expungement conviction can be based upon extraordinary circumstances, not simply. Wait, wait, wait, so what case, forgive me for interrupting, but I want to make sure you get 30 minutes. Yes. What case tells us that without having set the conviction or showing that the conviction is unlawful, that other circumstances are enough? Smith, and this is why we selected a quote directly from Smith for our reply brief. We begin our reply brief with a quote from Smith, because Smith specifically mentions unusual circumstances. It does. It does. Yes. My problem, I just want to get this out, and then you can all stay out of your way. Okay. You're right. We have not sort of laid out the same test precisely and repeated it throughout our case law, but I read this case law as narrowing the circumstances, consistently narrowing the circumstances, when expungement is possible, and that all of them require, and that we are obligated to require, that your client has shown that his conviction was unlawful in the first instance as a threshold. So that's where I'm at. I don't want to take up all your time, and I think Judge Katzman is trying to actually ask the question. Yes, you're right. I don't want to get in your hair. That's okay. David, I just wanted to follow up on the questions regarding Sumner and Crowell. You appear to be saying that the holdings in those cases should be revisited or overturned. Clarify. Yes, absolutely. So to what extent is this a matter for a non-bond court as opposed to a panel of three judges? That's an exceptional question because there is ambiguity, not only intra-circuit within the 9th Circuit between Sumner and Crowell and Smith, but also other, the 8th Circuit that we cited in our brief, the 6th and the 8th Circuit, and the 1st Circuit as well. No district court has a clear statement about when, whether, you have to as a threshold show, as a movement, you have to show through a threshold that your conviction was unlawful. In fact, that's not even necessary because there's language in other cases cited by the government where even when the other line conviction was vacated, the defendant has still extraordinary circumstances. So when you take all those cases. It may not be enough. Precisely. It may not be enough to have the underlying conviction be unlawful. But my point is, and I think the one all three of us are making is that I think our current case law we're obligated to impose does require that showing as a threshold. The problem with that is that Sumner's the only case that says categorically you must have your underlying conviction vacated. That categorical, extremely narrow focus is not followed by Crowell or Smith. This court could have easily in Smith, for instance, said, no, listen, you're going to vacate your conviction or show some illegal search and seizure by the police officers. Absent that, then you have to have extraordinary circumstances. But before you get to extraordinary circumstances, and this is what this court has not said, as a threshold matter to get through to us listening to you, you have to show your underlying conviction is unlawful. It sounds like you do think that we need to take this on bond, getting back to Judge Katzmann's question. That's what you're really asking. Yes. Yes, we do. Because these concepts are going to be recurrent throughout the nation. As you know, a lot of states have also enacted expungement provisions for felonies. And the federal area is the only one that only has 21-844 simple possession. And there's no other way for expungement of a conviction that may be 20 years old. Hold on. Do you have additional questions, Judge Katzmann? Yes. So the chronology of the cases, if I'm correct, if I'm wrong, is Smith, Sumner, and Crowell. The chronology is sequenced. I believe Smith was 2004. I believe Sumner was 2000. I believe Sumner was the first case. I think Smith was 91. Sir, 91. Smith was 91. So I know we posed the en banc issue, but you also seem to say that there could be clarification. Absolutely. Absolutely. Clarification would not necessarily require en banc. That may be the point here, because as you can see from the district court's own order denying the expungement, she has the language from Crowell about extraordinary circumstances, and nowhere did the district court say as a threshold matter, you first, before I even listen to you, you have to show that your underlying conviction is unlawful. So we do need guidance from the en banc hearing in this case. One final question on the question of whether the IRS action is redressable. It seems that your client has already settled with the IRS. Let me address that directly. The government may say so did the district court. Well, you didn't have to settle with the IRS. Then, at any rate, that did not flow directly from this case. Both are untrue. The IRS relied specifically on the plea agreement in this case. You cannot get any more direct second. Second, that IRS action happened more than three years after the conviction was final, so we were out of luck for 2255 and everything else, so there was no other way to redress it. And although this is not on the record, and counsel can correct me, the government did bring, the insisting U.S. attorney in this case, did bring the plea agreement to the attention of the IRS, and they told us all to go pound sand. Now, that's not part of the record. As an officer of the court, I can tell you because I was trial counsel. I can tell you that's a fact. So you're over your time. I'm going to cut you off there. That's okay. When you come back for rebuttal, we'll put two minutes on the clock, because we took you over your time. Thank you. You have five minutes. You have five minutes on counsel, please. Good morning. May it please the Court. Benjamin Hawley for the United States. Discourse decisions in Sumner and Crowell resolve this case and are, of course, binding on this panel. That's a pronged reconsideration. Crowell does say that this is a threshold determination. The extraordinary circumstances is a secondary question. I would point to the latter half of that decision, setting that out, but specifically the penultimate sentence of that decision, says that insofar as Ms. Crowell has not obtained a judgment vacating or otherwise setting aside the underlying conviction, she's seeking equitable relief, and therefore the district court lacks jurisdiction, ancillary jurisdiction to consider the motion to expunge. That's exactly the situation we have here. The underlying conviction not only has not been set aside, it's concededly valid, and so there is no ancillary jurisdiction for the district court eight years after the conviction to then enter an order telling the IRS or anyone else what it can or can't do, secondary to that. And to the extent there is no kind of separate misconduct, independent freestanding misconduct doctrine, but even if there were, it would, again, have to go to that underlying conviction first. Anything that follows later, as is alleged here, could be redressed in other ways, administrative, civil, something else, but not by the judge in the original criminal case. I'm certainly happy to answer questions if the court has any, but I don't want to take up extra time. I'd like to ask you a question about your understanding of ancillary jurisdiction. Yes. And in light of Sumner and Crowell, you know, they say that the district court, or do you interpret those cases to say that ancillary jurisdiction exists only in two circumstances, a judgment for an unlawful conviction or a clerical error? Right. Or are there other circumstances? You know, looking at the Kokonin case, the Supreme Court case, or extremely rare, perhaps, where a district court's expungement would further the goal of ancillary jurisdiction to effectuate decrees? I don't think so. And, again, particularly considering that we're bound by Sumner and Crowell, the only kind of edge case potentially that Sumner and Crowell did not address would be situations where there was not a conviction, but also an arrest, and the case was dropped, or an acquittal. And in those cases, courts, including this court, but primarily in other circuits, have gone on to consider the merits because there was nothing to vacate, if that makes sense. So in that situation, ancillary jurisdiction, I think, would apply, and Crowell collects some of those cases. But once there's a conviction, then I think that's where that threshold kicks in and becomes a bright line. And just to return for a moment to your analysis of Smith, which sets forth, you know, that expungement may be warranted where, one, there's an unlawful conviction. Right. Two, government misconduct. And three, another factor outweighing the government's interest in maintaining criminal records. And I just want to be clear on your position. Sumner and Crowell clearly affirmed the first circumstance. Right. In terms of whether they substantively comment on the latter two, and your brother seems to say that the case law needs to be, you know, at a minimum clarified. Right. What is your position on that? What should they comment on the latter two set forth in Smith? So they do not, but they post-date the Supreme Court's decision in Coconut, and Smith predates it. And so there's this intervening Supreme Court authority, and that's what Sumner and Crowell are pulling from. So they are narrowing it and covering the field in the sense of these are the only circumstances in a conviction case. So to the extent Smith was inconsistent with that, then I think the Supreme Court's intervening decision is what narrowed that, and Sumner and Crowell are just following along with that. Now, to the extent Smith says, for example, misconduct, could government misconduct form a basis of a motion to expunge, I think that's true insofar as the misconduct would lead to vacating a conviction. So if there was misconduct, a structural error or otherwise, does the conviction best consistent with Smith, Sumner, and Crowell? But beyond that, that doctrine does not appear to survive Coconut, Sumner, and Crowell. Anything further? Thank you. Thank you for your argument. Okay, very brief. And Judge Cox, ma'am, if I may pick on you again. Hang on. We need to get two minutes on the clock, please. We'll come out. Clerk is racing to catch up. Okay. Go right ahead. My brother from a different father is right in one respect. We have a confusion even within this circuit. It's undoubtedly the case. We have Smith, we have Sumner, and then we have Crowell. So let me read from Smith at 396. I think this addresses our question. There is no suggestion in Smith that Smith's arrest or conviction was in any way unlawful or invalid. They should have stopped there, this panel. They didn't. They said, or that the government engaged in any sort of misconduct. So this is directly from Smith. There's confusion within, and Kokomo doesn't help us. That was a civil case where a judge in New York was asked to enforce a contract. But in that case, what we have is unfortunately my typo in my opening brief that BDF insisted on correcting the decrees of a court. The decrees of a court is what any federal judge should maintain as unique jurisdiction, and they don't need it from Congress. That's our argument. Thank you for your time. Thank you. We'll take that case under advisement and go on to the next case on the calendar.
judges: CHRISTEN, BENNETT, Katzmann